# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Grinnell Mutual Reinsurance Co. v. Hubbs*, 2013 IL App (3d) 110861

---

| | |
|---|---|
| Appellate Court Caption | GRINNELL MUTUAL REINSURANCE COMPANY, Plaintiffs-Appellees, v. LARRY HUBBS, LEEANN HUBBS, and JOHN MERCER, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-11-0861 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | March 25, 2013<br><br>April 24, 2013<br>April 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action seeking a declaratory judgment that the farm insurance policies plaintiff issued to defendants excluded coverage for a neighbor's claim that the holding pond defendants constructed on their property altered the water flow and level and caused damage to the neighbor's property, the entry of summary judgment for the insurer was affirmed, since the policy's exclusion of coverage for damages resulting from the divergence or obstruction of surface water or interference with natural drainage was clear and unambiguous, under Illinois law "drainage" applies to surface and subsurface drainage, and 21 acres of the neighbor's cropland were flooded after the construction of defendant's pond. |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 11-MR-21; the Hon. Charles H. Stengel, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas J. Potter, of Ludens Potter & Melton, of Morrison, for appellants Larry Hubbs and Leeann Hubbs.

Bruce L. Carmen, of Carmen Law, of Cambridge, for appellant John Mercer.

John W. Robertson, of Simpson Law Office, of Galesburg, for appellee.

Panel

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice Wright and Justice Lytton concurred in the judgment and opinion.

## OPINION

¶ 1    The plaintiff, Grinnell Mutual Reinsurance Company (Grinnell), brought an action for declaratory judgment in the circuit court of Henry County against defendants, Larry Hubbs and Leeann Hubbs (the insured), and John Mercer. Mercer had brought an action against the insured alleging damage to his cropland allegedly caused by the insured's alteration of the flow and level of surface and groundwater following the insured's construction of a holding pond on the insured's property. At all pertinent times, Grinnell had in force certain farm insurance policies issued to the insured. The insured tendered Mercer's claim to Grinnell for defense. By letter dated November 8, 2010, Grinnell denied coverage based upon the following policy exclusion:

"We do not cover property damage resulting from diversion or obstruction of streams or surface water, or from interference with the natural drainage to or from the land of others."

¶ 2    On March 14, 2001, Grinnell filed its complaint for declaratory judgment. Following discovery, Grinnell filed a motion for summary judgment in which it maintained that there was no genuine issue of material fact that the damage to Mercer's cropland was caused by the insured's construction of a weir (dam) to create a holding pond on their property which had the effect of raising the water table on Mercer's property. The court entered summary judgment in favor of Grinnell, finding that the policy language was clear and unambiguous in excluding Mercer's claim from coverage. The insured appealed, contending that: (1) the policy language is ambiguous and, thus, should be construed against Grinnell; (2) the trial court should not have considered any evidence other than the insurance policy; and (3) the court should have required Grinnell to defend the Mercer lawsuit under a reservation of rights. For the following reasons, we affirm the judgment of the circuit court.

¶ 3                          BACKGROUND

¶ 4    The following facts are taken from the record. The instant matter arose when the insured dredged a water retention pond and constructed the weir to hold back the water in the pond.[1] Mercer alleged in his complaint that the weir was constructed in part by dredging land on the northern border between his property and the insured's property. Mercer alleged that the dredging caused the retention of ground and surface water on the insured's property which, in turn, caused a substantial elevation of the groundwater table on Mercer's property. Mercer further alleged that the increased elevation of the groundwater table resulted in flooding of a 21-acre tract of farmland on the southern edge of his property immediately adjacent to the insured's property.

¶ 5    During discovery, Grinnell deposed Mercer's two experts, Fred W. Lawrence, a hydrologist, and Robert G. Meyers, a surveyor. Lawrence testified that, in his professional opinion, a direct cause and effect relationship existed between the recently constructed weir on the insured's property and the elevated water levels on Mercer's property. Lawrence described the groundwater flow on Mercer's property as "subsurface drainage" and opined that the weir and retention pond constructed on the insured's property impeded the natural subsurface drainage on Mercer's property. Meyers also opined that the weir interfered with the natural drainage patterns on Mercer's property.

¶ 6                            ANALYSIS

¶ 7    Summary judgment is proper if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2008). The purpose of summary judgment is not to try a question of a fact, but simply to determine whether a genuine issue of triable fact exists. *Watkins v. Schmitt*, 172 Ill. 2d 193, 203 (1996); *Sameer v. Butt*, 343 Ill. App. 3d 78, 85 (2003). In determining whether a genuine issue of material fact exists, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. *Watkins*, 172 Ill. 2d at 203; *Sameer*, 343 Ill. App. 3d at 85. We review summary judgment rulings *de novo*. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995).

¶ 8    Illinois law has long recognized that insurance policies, including exclusionary provisions, will be applied as written unless they violate public policy. *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 433 (2010). The construction of an insurance policy is a question of law, which is also subject to *de novo* review. *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479 (1997).

---

[1]The insured maintains that the retention pond had existed for several years and that work on the weir amounted to no more than repairs to an existing structure. Mercer's complaint states that the construction of the weir and retention pond "within the last two years" gave rise to the underlying cause of action. We find nothing in the record to support the insured's contention that the weir and retention pond were in existence prior to the actions which gave rise to Mercer's complaint.

¶ 9　　　The policy exclusion at issue in the instant matter is clear and unambiguous. The policy at issue excludes coverage for damages resulting from "divergence or obstruction of streams or surface water" or property damage resulting "from interference with the natural drainage to or from the land of others." The insured maintains: (1) there is no proof in the record that the construction of the weir and retention pond "resulted" in damage to Mercer's property; and (2) the term "drainage" in the exclusion is ambiguous since it could be read so as to apply only to "surface" drainage and not "subsurface" drainage. The insured further maintains that, if the construction of the weir and retention pond interfered with the drainage on Mercer's property, it only impaired the "subsurface" drainage, and the policy can be read to provide coverage for Mercer's alleged property damage.

¶ 10　　　This argument must fail as a matter of law. In Illinois, the term "drainage" applies to both surface and subsurface drainage patterns. *Templeton v. Huss*, 57 Ill. 2d 134, 141 (1974). Thus, as a matter of law, the term "drainage" in the instant policy exclusion must be read to include both surface and subsurface drainage. Even when viewing the pleadings and supporting attachments liberally in favor of the insured, we find that no genuine issue of material fact exists regarding whether the construction of the weir and retention pond caused a substantial elevation of the groundwater table on Mercer's property which, in turn, impeded the subsurface flow of water and caused 21 acres of Mercer's farmland to flood. The record established that 21 acres of Mercer's farmland were flooded shortly after the construction of the weir and retaining pond on the insured's property. The record also established that the flooded farmland was immediately adjacent to the insured's property and near the weir and retaining pond. Moreover, there is nothing in the record to indicate that the land at issue was ever flooded prior to the construction of the weir and retaining pond. Finally, the record clearly established that construction of the weir and retention pond *interfered* with the natural drainage on Mercer's land and *resulted* in damage to Mercer's property. The insured's response, that the term "drainage" does not include "subsurface drainage," being contrary to law, does not hold water.

¶ 11　　　The insured also maintains that the trial court erred in considering the testimony of Lawrence and Meyers, arguing that a trial court may not consider any evidence beyond the four corners of the insurance policy when determining whether a duty to defend exists under the policy. Our supreme court has rejected that notion, holding that all evidence properly before the court may be considered when determining whether an insurance company has a duty to defend the insured under the policy. *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 460-61 (2010). Thus, it was appropriate to consider the testimony of these witnesses. We note, however, that Lawrence's testimony arguably added little beyond the unrebutted facts alleged in the verified complaint, and the testimony of Meyers appears to be of little probative value. Nonetheless, we find no error in the trial court's assigning some weight to this evidence.

¶ 12　　　The insured's final argument is that Grinnell's declaratory judgment should be denied since it can defend the claim under a reservation of rights. That argument lacks merit. It is well settled that an insurer may either seek a declaratory judgment *or* defend the suit against its insured under a reservation of rights. *General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146, 155 (2005). No authority has been offered to

support the proposition that an insurer *must* defend a claim under a reservation of rights, nor has our research revealed any such authority.

¶ 13                                    CONCLUSION

¶ 14        For the foregoing reasons, we affirm the judgment of the circuit court of Henry County granting Grinnell's motion for summary judgment.

¶ 15        Affirmed.